ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EILEEN MICHELLE AVILÉS CANCEL, POR SÍ Y EN REPRESENTACIÓN DE LOS MENORES N.C.R.A., J.V.A. Y K.V.A.<br><br>Apelante<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE VEGA BAJA; INSTITUTO DE CIENCIAS FORENSES; NEGOCIADO DE LA POLICÍA DE PUERTO RICO; ESTADO LIBRE ASOCIADO DE PUERTO RICO; TELEMUNDO OF PUERTO RICO, INC.; JUAN DEL PUEBLO Y CORPORACIÓN XYZ<br><br>Apelados | KLAN202401021 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV04584<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2025.

Eileen Michelle Avilés Cancel, por sí y en representación de sus hijos menores de edad (Parte Demandante o Apelante), solicita que revoquemos una Sentencia que emitió el Tribunal de Primera Instancia, Sala de Bayamón (Tribunal o TPI), el 29 de octubre de 2024, notificada el día siguiente. Mediante esta el Tribunal desestimó sin perjuicio la demanda incoada contra Telemundo of Puerto Rico, Inc. y otros, más le impuso a la Demandante una sanción de treinta y cinco mil ($35,000.00) de honorarios de abogado, por temeridad, a favor de Telemundo.

Número Identificador

SEN2025 _____

Por los fundamentos que exponemos, modificamos la Sentencia apelada.

**I.**

El 17 de agosto de 2023, Eileen Michelle Avilés Cancel, por sí y en representación de sus hijos menores de edad, presentó una Demanda sobre daños y perjuicios contra Telemundo of Puerto Rico, Inc. (Telemundo), el Instituto de Ciencias Forenses, el Negociado de la Policía de Puerto Rico, el Municipio Autónomo de Vega Baja y otros. En la demanda se alegó que el programa Telenoticias de Telemundo transmitió un video, sin propósito noticioso, en el que aparecía el cuerpo sin vida de Elvis Rivera Figueroa, quien era su esposo y padre de los menores. Adujo que esa difusión constituyó una intromisión a su derecho a la intimidad. Reclamó una compensación de doscientos mil ($200,000.00) por los daños y angustias mentales sufridos por ella y sus hijos menores.

El 30 de octubre de 2023, Telemundo reaccionó con una *Moción de Desestimación*. Alegó, en síntesis, que no actuó con negligencia al difundir el video, pues la publicación se realizó en el contexto de un reportaje noticioso. Mencionó que la publicación del video no fue con propósitos publicitarios o con fines comerciales o pecuniarios. Además, que su actuación estaba protegida por los derechos de libertad de expresión y de prensa.

El 31 de octubre de 2023, el Municipio de Vega Baja contestó la demanda.

En cuanto a la *Moción de Desestimación* que presentó Telemundo, el 1ro de noviembre de 2023, el Tribunal le ordenó a la Demandante que presentara su posición en veinte (20) días.

Así, el 10 de noviembre de 2023, la Demandante presentó una *Moción en Oposición a Solicitud de Desestimación.*[1] Alegó que, Telemundo señaló que la imagen de Rivera Figueroa apareció de forma accesoria, pues el reportaje noticioso se concentró en viabilizar, las actuaciones de un empleado del Instituto de Ciencias Forenses. Sobre este argumento indicó que, era precisamente ahí donde estriba la responsabilidad de la parte demandada, ya que la imagen del señor Rivera Figueroa no es un accesorio, sino la de un ser humano con familia que se encuentra padeciendo por su pérdida. Sostuvo que, a esa familia, como mínimo, se le debe el derecho a la intimidad y dignidad dentro de la tragedia vivida.

El 15 de noviembre de 2023, Telemundo solicitó que se le autorizara a replicar.[2] Ese mismo día, el TPI le concedió quince (15) días. También informó que la Parte Demandante contaba con quince (15) días para incoar una dúplica.[3]

El 30 de noviembre de 2023, Telemundo presentó una *Réplica a Moción en Oposición a Solicitud de Desestimación*. Asimismo, el 30 de noviembre de 2023, notificada el día siguiente, el TPI le ordenó a la Demandante que presentara la dúplica dentro del término dispuesto en la orden emitida el 15 de noviembre de 2023[4].

Entretanto, el 1ro de diciembre de 2023, el Estado Libre Asociado de Puerto Rico (ELA), en representación del Instituto de Ciencias Forenses y el Negociado de la Policía de Puerto Rico, presentaron una *Moción de Desestimación.* En general, alegaron

---

[1] Apéndice, págs. 22-28.
[2] Alegato de Telemundo, Apéndice págs. 1-2.
[3] Íd., pág. 3. De igual forma, examinamos el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B. Véase, entrada 22.
[4] SUMAC, entrada 27.

que ninguna de esas dos entidades del gobierno generaron el video.

Tras otros trámites, el 4 de diciembre de 2023, la Parte Demandante presentó una *Moción en Dúplica a Solicitud de Desestimación* de Telemundo.[5] El 5 de diciembre de 2023, notificada el 7 de diciembre de 2023, el Tribunal emitió una Orden declarando el asunto sometido para adjudicación.[6]

Ese 5 de diciembre de 2023, Telemundo presentó una *Solicitud para que el Tribunal revise el reportaje noticioso objeto del pleito al resolver la solicitud de desestimación*. Sobre este aspecto, el 6 de diciembre de 2023, el Tribunal le concedió cinco (5) días a la Parte Demandante para que presentara su posición respecto a la solicitud de Telemundo.[7] El 8 de diciembre de 2023, la Demandante interpuso una *Moción en Cumplimiento de Orden*.[8] Examinados los escritos de las partes, en cuanto a la solicitud de Telemundo para revisar el reportaje noticioso, el Tribunal declaró *Ha Lugar* la solicitud de Telemundo.[9]

En cuanto a la *Solicitud de Desestimación* que presentó el ELA, el 8 de diciembre de 2023, la Demandante respondió mediante una *Moción en Oposición a Solicitud de Desestimación Presentada por ELA*[…]. El 13 de diciembre de 2023, el ELA interpuso una *Réplica a la Oposición y Suplemento a la Solicitud de Desestimación*. En respuesta, el 22 de diciembre de 2023 la Demandante presentó una *Dúplica a "Réplica a la Oposición y Suplemento a la Solicitud de Desestimación"*. El 26 de diciembre de 2023, el Tribunal emitió una *Orden* en la que dispuso que quedó *Sometido* este asunto.

---

[5] SUMAC, entrada 29.
[6] SUMAC, entrada 32.
[7] SUMAC, entrada 31.
[8] Alegato de Telemundo, Apéndice págs. 7-8.
[9] Alegato de Telemundo, Apéndice pág. 9.

Meses después de sometidas las mociones de desestimación, el 3 de septiembre de 2024, la Parte Demandante presentó una *Moción de Desistimiento sin Perjuicio.* Surge del escrito, que su petición obedeció a "su precaria situación económica y para poder sostener su familia, se ha visto obligada a que trasladarse a los Estados Unidos. Es tal su precariedad, que no podría pagar la fianza de no residente."[10](sic) Adujo que tres de los demandantes son menores de edad y que su petición la hacía de conformidad a la Regla 39 de Procedimiento Civil, *infra*. Solicitó el desistimiento sin perjuicio, sin especial imposición de costas y gastos.

Ese 3 de septiembre de 2024, notificada el 5 de septiembre de 2024, el Tribunal emitió una *Sentencia* mediante la cual declaró *Ha Lugar* la solicitud de desistimiento sin perjuicio, sin especial imposición de costas, gastos ni honorarios de abogado.

Mientras tanto, el 4 de septiembre de 2024, Telemundo había presentado una *Moción Notificando Intención de Oponerse* al desistimiento de la parte demandante. El 11 de septiembre de 2024, notificada el 13 de septiembre de 2024, el Tribunal le permitió oponerse.

En cumplimiento con lo ordenado, el 19 de septiembre de 2024, Telemundo presentó la *Oposición a Solicitud de Desistimiento sin Perjuicio*. En esta, solicitó que el desistimiento fuera con perjuicio, o en su defecto, condicionado al pago de costas, gastos y honorarios de abogado. Argumentó que incurrió en gastos en la defensa de las alegaciones de la demanda. Además, indicó que la demandante no presentó razones válidas que justifiquen el desistimiento sin perjuicio, especialmente

---

[10] Apéndice, pág. 78.

cuando Telemundo presentó una *Moción de Desestimación* que habría puesto fin al litigio sin mayor dilación. Adujo que permitir un desistimiento sin perjuicio o sin la imposición de las costas, gastos y honorarios de abogado, sentaría un precedente perjudicial que pondría en riesgo la protección de los derechos fundamentales de la prensa, al tiempo que permitiría la conducta dilatoria e inmeritoria de la Parte Demandante.

Atendidos los escritos, el 24 de septiembre de 2024, notificada el 25 de septiembre de 2024, el Tribunal emitió una *Sentencia Enmendada*, mediante la cual decretó el desistimiento con perjuicio, sin la imposición de costas ni honorarios de abogado.

En desacuerdo, el 25 de septiembre de 2024, la Demandante solicitó *Reconsideración*. Aseveró que el foro primario no podía desistir con perjuicio la causa de acción de menores de edad, sin antes procurar la intervención de la Procuradora de la Familia y una vista de autorización judicial. Alegó que un padre no tiene autoridad para disponer del derecho de acción que pueda tener su hijo menor, cuando el valor del objeto sobre que recae la causa de acción excede de dos mil dólares ($2,000.00) según el Código Civil de 2020. Por ello, indicó que el desistimiento con perjuicio es contrario a derecho. Sostuvo, además, que la sentencia dispuso de todas las causas de acción con perjuicio cuando existían demandados, como lo era el Municipio, quien no había presentado mociones dispositivas.

El 15 de octubre de 2024, Telemundo presentó una *Oposición a Solicitud de Reconsideración*. Adujo que los hechos de esta causa son distintos, pues la demandante, madre de los menores codemandantes, no ha solicitado enajenar o gravar los bienes de éstos, ni transigir su causa de acción, actos que habrían

requerido la intervención obligatoria del tribunal. Agregó que fue Telemundo, y no la madre de los menores, quien solicitó el desistimiento con perjuicio, por lo que no había obligación de celebrar vista ni de nombrar un defensor judicial. Así pues, Telemundo solicitó que se declarara *Sin Lugar* la Moción de Reconsideración. En su defecto, solicitó que se resolviera la Moción de Desestimación con perjuicio que había presentado y, de ser necesario, que luego se atendiera el desistimiento que solicitó la Demandante; o que, en caso de que el Tribunal accediera al desistimiento sin perjuicio, le impusiera a la demandante el pago de las costas, gastos y honorarios de abogado que incurrió Telemundo en su defensa.

Atendido el asunto, el 29 de octubre de 2024, notificada el día siguiente, el Tribunal dictó una Sentencia en la cual declaró *Con Lugar* la Moción de Reconsideración de la demandante. En consecuencia, dio por desistida **sin perjuicio** la demanda. Además, le impuso a la Parte Demandante el pago de las costas razonables y una suma de treinta y cinco mil ($35,000.00) por concepto de honorarios de abogado a favor de Telemundo.

En desacuerdo, el 15 de noviembre de 2024, Avilés Cancel acudió ante esta Curia y alegó que:

> Erró el Tribunal de Primera Instancia y abusó de su discreción al imponer $35,000.00 a favor de Telemundo en honorarios por temeridad contra la parte demandante, tras esta solicitar desistimiento sin perjuicio debido que se trasladó fuera del país, cuando el caso nunca tuvo vista procesal, no se realizó descubrimiento de prueba, no se realizó juicio, ni ningún otro trámite, salvo las mociones dispositivas presentadas por la parte demandada.

Telemundo presentó su posición al recurso. El Gobierno de Puerto Rico nos solicitó que se le relevara de comparecer, a lo cual accedimos. Perfeccionado el recurso, disponemos.

**II.**

**A. Desistimiento**

El desistimiento se refiere a una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente. <u>Pagán Rodríguez v. Pres. Cáms. Legs.</u>,206 DPR 277, 285 (2021); J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. Esto es, través del desistimiento, una parte en el pleito expresa su deseo de no continuar con la reclamación que interpuso. De igual forma, se ha expresado que "[e]l desistimiento encarna uno de los principios básicos del proceso [civil]: el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción". <u>Pagán Rodríguez v. Pres. Cáms. Legs</u>., *supra*, págs. 285-286; citando a R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 414.

La Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, permite a la parte demandante desistir de toda o parte de su reclamación. La regla tiene dos vertientes:

(a)     Por el demandante; por estipulación. Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

(1)     mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

(2)     mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una

adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) Por orden del tribunal. A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

El inciso (a) codifica el desistimiento voluntario cuando la parte demandada aún no ha presentado una alegación responsiva. También dispone que el desistimiento pudiera darse por una estipulación firmada por todos los que hayan comparecido al pleito. Así pues, en virtud de ese inciso es suficiente la mera presentación del aviso de desistimiento ante el tribunal. Pagán Rodríguez v. Pres. Cáms. Legs., *supra;* Pramco CV6, LLC. v. Delgado Cruz y otros, 184 DPR 453, 459 (2012). Bajo cualquiera de estas circunstancias, el derecho del demandante a renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente. Pramco CV6, LLC v. Delgado Cruz y Otros, *supra*.

Por otro lado, el inciso (b) de la Regla 39.1 de Procedimiento Civil, supra, aplica, "cuando la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita por todas las partes que han comparecido al pleito." Pagán Rodríguez v. Pres. Cáms. Legs., *supra*, pág. 287. En tales casos, será necesario que la parte demandante presente una moción al tribunal, la cual deberá notificar a todas las partes que han comparecido ante el foro para así renunciar a continuar con su reclamo. Íd. En este escenario, el tribunal tiene discreción judicial

para terminar el litigio e imponer las condiciones que estime pertinentes, entre éstas que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y **honorarios de abogado**. Íd. (Énfasis nuestro).

El propósito primario de esta regla es proteger al demandado de trato injustificado. La imposición y pago previo de las costas y honorarios de abogado del demandado es la condición más corriente. Ver Cuevas Segarra, Op. Cit., pág. 1147. El fin que persigue la regla en este aspecto limitado es reintegrar al demandado los gastos en que ha incurrido inútilmente, ya que, al desestimarse la demanda sin perjuicio, el demandante está en libertad de iniciar una nueva acción sobre los mismos hechos no adjudicados en la primera acción en forma alguna, obligando al demandado a incurrir en nuevos gastos y desembolsos para defenderse de la segunda acción. Íd.

### B. Honorarios de abogado

Respecto a los honorarios de abogado, la Regla 44.1 (d) de Procedimiento Civil, *supra*, dispone en lo aquí pertinente, como sigue:

> …
>
> En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.
> …

El Tribunal Supremo ha delineado en términos generales que, "el amplio concepto de temeridad conlleva aquellas actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos

innecesarios para hacer valer sus derechos." <u>SLG González-Figueroa v. SLG et al.</u>, 209 DPR 138, 148 (2022).

Una vez determinada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. <u>Colón Santos v. Coop. Seg. Múlt. P.R.</u>, 173 DPR 170, 188 (2008); <u>Blás Toledo v. Hosp. La Guadalupe</u>, 146 DPR 267, 334 (1998). En consecuencia, la determinación de temeridad conlleva posteriormente la fijación de una suma **razonable** de honorarios. <u>Vega v. Luna Torres</u>, 126 DPR 370,374-375 (1990). (Énfasis nuestro). De manera que, la imposición de honorarios de abogado y **su cuantía** es una determinación **discrecional** del tribunal sentenciador, sólo revisable ante indicios **de abuso de discreción por parte del juzgador**. <u>Colón Santos v. Coop. Seg. Múlt. P.R.</u>, *supra*. Como la imposición de honorarios de abogado descansa en la sana discreción judicial, puede ser variada en apelación si se demuestra abuso de esta. <u>SLG González-Figueroa v. SLG et al.</u>, *supra*, pág. 150.

El Tribunal Supremo ha reiterado que el sano ejercicio de la discreción judicial viene atado inexorablemente al concepto de la razonabilidad. <u>Citibank et al. v. ACBI et al.</u>, 200 DPR 724, 735 (2018); <u>García v. Asociación</u>, 165 DPR 311, 321 (2005). En ese sentido, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". <u>Citibank et al. v. ACBI et al.</u>, *supra*; <u>Medina Nazario v. McNeil Healthcare LLC,</u> 194 DPR 723, 729 (2016). Véanse, también, <u>SLG Zapata-Rivera v. J.F. Montalvo</u>, 189 DPR 414, 435 (2013); <u>IG Builders et al, v. BBVAPR</u>, 185 DPR 307, 338 (2012). Esta se "nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, **sin tasa ni limitación alguna**".

Citibank et al. v. ACBI et al., *supra*, citando a SLG Zapata-Rivera v. J.F. Montalvo, *supra*, pág. 435. (Énfasis suplido).

El Tribunal Supremo, ha identificado el abuso de discreción cuando el juzgador (1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) le concede demasiado peso a un hecho inmaterial y funda sus determinaciones principalmente en ese hecho o (3) cuando al examinar todos los hechos de un caso hace un análisis liviano y la determinación resulta irrazonable. Pueblo v. Negrón Ramírez, 2024 TSPR 41, 213 DPR ___ (2024); Pueblo v. Rivera Montalvo, 205 DPR 352, 374 (2020); Citibank et al. v. ACBI et al., *supra*.

Evaluamos a la luz de la normativa jurídica antes mencionada, aplicada a los hechos.

### III.

La Apelante, Avilés Cancel, arguye que el Foro Primario incidió al imponerle temeridad por solicitar el desistimiento, sin perjuicio, de la demanda que presentó, más fijarle treinta y cinco mil ($35,000.00) en honorarios de abogado. Señaló que la referida suma no es justa ni razonable en un pleito que procesalmente no tuvo actividad significativa. Mencionó que el Foro de Instancia concluyó que la dilación de un año en resolver las mociones pendientes era culpa de la Parte Demandante y tomó eso como base para la imposición de temeridad. Sostuvo que no hubo tal dilación, pues el 8 de diciembre de 2023, la Sala de Instancia dio por sometida la Solicitud de Desestimación de Telemundo, sin embargo, pasaron cerca de doscientos setenta (270) días sin que el referido Tribunal la resolviera. Aseveró que en la presente acción no se celebraron vistas, no se realizó el descubrimiento de prueba, ni ningún otro trámite procesal. Entendió que resulta excesivo y opresivo, imponer los treinta y

cinco mil ($35,000.00) en honorarios de abogado, en un pleito con un trámite procesal limitado. Revisamos.

El 17 de agosto de 2023, Avilés Cancel, por sí, y en representación de sus hijos menores de edad, incoó una demanda contra Telemundo, el Negociado de la Policía y otros. Telemundo reaccionó con una solicitud de desestimación, al igual que el ELA para los entes que representaba.

Tras ello, el trámite ante el Tribunal de Primera Instancia, en esencia, se limitó a la oposición, a las solicitudes de desestimación, a las réplicas y dúplicas.

El 5 de diciembre de 2023 y el 26 de diciembre de 2023, el Tribunal dio por sometidas las solicitudes de desestimación de Telemundo y del ELA, respectivamente. Mientras estaban pendientes de dilucidar esas mociones, el 3 de septiembre de 2024, Avilés Cancel solicitó el desistimiento de la demanda, sin especial imposición de costas, gastos ni honorarios de abogado. Alegó que se mudaría fuera de Puerto Rico y que no tenía los recursos para pagar la fianza requerida por la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V[11], para continuar. Ese mismo día, pero notificada el 5 de septiembre de 2024, el TPI accedió al petitorio mediante Sentencia.

---

[11] La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, establece sobre la fianza de no residentes en lo pertinente:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil dólares ($1,000). El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional. […].

> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

> (a)   Se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;

> (b)   …

> (c)   …

No obstante, Telemundo se opuso a la solicitud de desistimiento. Finalmente, el foro primario, decretó el desistimiento, con la imposición de treinta y cinco mil ($35,000.00) como honorarios a favor de Telemundo, más las costas y gastos. Acto que aquí evaluamos.

Al emitir la Sentencia, el Foro Primario aludió a la Regla 39.1 (b) de Procedimiento Civil, *supra*. Esta le faculta decretar el desistimiento de una acción cuando se ha presentado alguna alegación responsiva a la demanda, bajo los términos y condiciones que estime necesarios. Entre las condiciones que el Tribunal Supremo[12] ha reconocido, es la imposición de costas y honorarios de abogado. Así que, la determinación del Foro Primario de imponer honorarios de abogado es una medida común utilizada para restituir al demandado de los gastos en que ha incurrido inútilmente. Por entender que el Foro Apelado no abusó de su discreción al imponer honorarios de abogado, no vamos a intervenir con ese aspecto.

Ahora bien, la cuantía a otorgarse por tal concepto debe estar enmarcada dentro del criterio de razonabilidad. Cuando no es así, podemos variarla. Aquí el Foro Primario impuso la suma de treinta y cinco mil ($35,000.00) como honorarios de abogado a favor de Telemundo. Sin embargo, esa cantidad nos resulta excesiva e irrazonable, luego de revisar el tracto procesal y la conducta de la Demandante. Veamos.

Tal como expresáramos, luego de presentada la demanda en agosto de 2023, el trámite ante el TPI, básicamente se enfocó en la Moción de Desestimación que presentó Telemundo, y luego el ELA. La Demandante se opuso oportunamente a estas

---

[12] Ver <u>Pagán Rodríguez v. Pres. Cáms. Legs.</u>, *supra*, pág. 287.

peticiones. Esto conllevó otros escritos de réplica y dúplica. Con ello, en diciembre de 2023, a solo cuatro (4) meses de presentada la demanda, las solicitudes de desestimación quedaron sometidas para la decisión del Tribunal.

Posteriormente, en septiembre de 2024, Avilés Cancel solicitó desistir de la demanda y Telemundo reaccionó. Del expediente no surge que el Foro Primario celebrara alguna vista, que inició el descubrimiento de prueba o que la parte demandante actuara de forma tardía o abandonara el proceso. Al sopesar el trámite procesal que se limitó a ciertos escritos, *vis a vis* el comportamiento de la Demandante, no encontramos que se justifiquen unos honorarios de abogado tan elevados.

Por otro lado, en la Sentencia el Foro Revisado no explica cómo llegó a esa cantidad de treinta y cinco mil ($35,000.00). De los escritos de Telemundo tampoco vemos esa cuantía. Esto reafirma que, la suma otorgada en honorarios de abogado es irrazonable y no se sustenta con el expediente. Ante ello, la reducimos a dos mil ($2,000.00) como cuantía justa y razonable.

**IV.**

Por las razones antes expresadas, se modifica la Sentencia apelada a los únicos fines de reducir los honorarios de abogado de treinta y cinco mil ($35,000.00) a **dos mil ($2,000.00)**.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones